■ SONNY DRAYTON et al., Appellants, v ROBERT SUTHERLAND et al., Respondents.—In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Williams, J.), dated May 14, 1990, which granted the motion of the defendant Welsbach Electric Corp. to compel the plaintiff Sonny Drayton to submit to physical examinations by physicians it designated.

Ordered that the order is affirmed, with costs.

The plaintiff Sonny Drayton contends that the defendant Welsbach Electric Corp. waived its right to require him to submit to physical examinations by failing to comply with a notice of availability served pursuant to 22 NYCRR 202.17. We disagree. 22 NYCRR 202.17 (a) provides, in relevant part, that

"[e]xcept where the court otherwise directs, in all actions in which recovery is sought for personal injuries * * *

"the party to be examined or any other party may serve on all other parties a notice fixing the time and place of examination".

At bar, however, three days before Drayton served a notice of availability demanding that physical examinations be conducted at the offices of his attorney, the Supreme Court issued a disclosure order requiring physical examinations to be held within sixty days at "assigned doctors' offices". Drayton was thus not entitled to fix the time and place of examinations pursuant to 22 NYCRR 202.17, and he violated the preexisting disclosure order by refusing to appear for examinations at the offices of the physicians designated by the defendant. Accordingly, the Supreme Court properly granted the defendants' motion to compel Drayton to submit to a neurological and orthopedic examination by the designated physicians. Sullivan, J. P., Lawrence, Eiber and Pizzuto, JJ., concur.